# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10527

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTOLIN TORRES ABONZA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-327-3

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

On May 5, 2017, Antolin Torres Abonza was arrested during a drug transaction with undercover police officers in Garland, Texas. Abonza, a 61-year old Mexican national, was in the United States illegally; he had been removed following convictions and imprisonment for his participation in a 2008 drug conspiracy. Abonza pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance, namely cocaine. Probation prepared a pre-sentence report (PSR) recommending a sentence in the range

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10527

of 151 to 188 months. The PSR calculated his offense level at 29; it included in this calculation a six-point enhancement based on Abonza's two previous convictions, making him a career offender under Sentencing Guideline § 4B1.1(b)(3).

Abonza objected to the PSR's enhancement recommendation, arguing the PSR incorrectly applied the Guidelines because his "two predicate convictions stem from a single prior criminal scheme"; that "[h]is two prior convictions . . . are not the kind that should trigger a Career Offender enhancement." Abonza had been convicted in 2009 in the Eastern District of Texas of conspiracy to possess with intent to distribute a controlled substance, in connection with his role in a cocaine distribution scheme. In 2012, in the Northern District of Illinois, Abonza was convicted of using a communication facility to commit a drug offense, namely a phone call supposedly made in the course of the same drug conspiracy. In these two cases, Abonza was named in separate indictments, and was sentenced on separate dates.

The district court overruled Abonza's objections, and applied the career offender enhancement. Quoting the language of Guideline § 4B1.1, the district court found that Abonza's "contention that the two prior convictions are related and should be counted as one . . . is unavailable to the Court"; that although the telephone call underlying the 2010 Northern District of Illinois conviction was concurrent with Abonza's participation in the Eastern District of Texas cocaine conspiracy, "the Illinois indictment does not specifically reference the drug activity that took place in Texas on or about the same time." In other words, "it's possible that the conspiracy involved similar cocaine distribution conduct but not necessarily the same common plan or scheme. . . . [T]he dots do not connect." The district court determined that the Guideline range for the sentence was 151 to 188 months. The court observed that only six months after

his release from prison for his previous crimes, Abonza reentered the country illegally to commit his third cocaine-trafficking felony conviction in eight years. Despite being over 50 years old, Abonza offered no indication that "prior sentences []or his age has decreased his recidivism or [deterred] him from engaging in the same or similar type of conduct." Considering the seriousness of the offense, the need to promote respect for the law, the need for just punishment, protection of the public from potential further crime, and Abonza's need for correctional treatment, the court imposed a sentence of 151 months. This appeal followed.

A district court must "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from further crimes of the defendant, and to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."[1] Under Sentencing Guideline § 4B1.1, where a career offender's offense statutory maximum is 20 years or more, but less than 25 years, his offense level will be 32.[2] A "career offender" is a defendant who was at least eighteen at the time he committed the offense, the offense is a felony crime of violence or a controlled substance offense, and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[3] "If there is no intervening arrest, prior sentences are counted separately unless . . . the sentences resulted from offenses contained in the same charging instrument; or . . . the sentences were

---

[1] 18 U.S.C. § 3553(a).

[2] U.S.S.G. § 4B1.1(b)(3). This provision does not apply if the offender's offense level is otherwise greater than 32. *Id.*

[3] *Id.* § 4B1.1(a).

imposed on the same day."[4] We review the substantive reasonableness of a sentence using an abuse-of-discretion standard,[5] applying a rebuttable presumption of reasonableness to a properly calculated, within-guidelines sentence.[6] We affirm unless the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing sentencing factors.[7]

Abonza does not challenge the district court's application of the career offender enhancement as inconsistent with the Guidelines. Rather, he argues only that the 151-month sentence is substantively unreasonable because it is "shockingly high" and does not account for the origin of Abonza's predicate convictions in the same underlying conduct. Abonza argues the district court erred in applying the enhancement, though he concedes it was true to "the literal language of the current version of the Guidelines." Abonza instead points to the 2006 version of the Guidelines, under which he insists his two predicate convictions would have been treated as "related cases," such that no enhancement would have applied, arguing that the district court failed "to consider that under the old version of the Guidelines, [he] would not have been treated as a career offender . . . and would have had an advisory imprisonment range as low as 57–71 months."

We need not resolve whether Abonza's predicate convictions in fact arise from the same conspiracy, because it would not change the outcome of this appeal. Abonza concedes that the district court imposed a within-guidelines

---

[4] *Id.* § 4A1.2(a)(2).

[5] *Gall v. United States*, 552 U.S. 38, 51 (2007).

[6] *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

[7] *Id.*

sentence, which is due a presumption of reasonableness. Abonza shows us no missed factor that should have received significant weight, no factor that was accorded improper weight, nor any error of judgment in balancing sentencing factors. He offers no authority to support his contention that the district court should have adhered to the approach of the 2006 Guidelines. Neither his unsupported contention that we should follow old versions of the Guidelines nor his bare assertions of the unreasonableness of his sentence rebut the presumption of reasonableness. We find no abuse of discretion.

The district court's sentencing decision is AFFIRMED.